**FILED**

Jan 24, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# SEALED

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: WHATS APP LLC ACCOUNT FOR CELLULAR TELEPHONES WITH MOBILE TELEPHONE NUMBER (661) 331-0026 | CASE NO. 1:22-SW-00031 SAB<br><br>**UNDER SEAL**<br><br>ORDER ON APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND A TRAP AND TRACE DEVICE |

## ORDER

CHRISTOPHER D. BAKER, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device ("pen-trap device") on the WhatsApp account(s) described as:

> cellular telephone (661) 331-0026, serviced by AT&T, subscribed to Prepaid Customer, 2105 Edison HWY, Bakersfield, CA, used by Jorge CALDERON CAMPOS (hereinafter, "**SUBJECT ACCOUNT**"),

which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by Homeland Security Investigations (HSI) and the Drug Enforcement Administration (DEA) in connection with possible violations of federal criminal statutes, including Title 21, United States Code, Sections 846/841(a)(1), distribution of, and possession with

intent to distribute, a controlled substance, and conspiracy, Title 7, United States Code, Section 2156, unlawful animal fighting.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that HSI and DEA may install and use a pen/trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from the **SUBJECT ACCOUNT** described above, including, without geographic limit: the date and time of the communication; source and destination information (including account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information

Pursuant to 18 U.S.C. § 3123, Applicant has certified that the information likely to be obtained by such use is relevant to an ongoing criminal investigation being conducted by Homeland Security Investigations (HSI) and Drug Enforcement Administration (DEA) of Jorge CALDERON CAMPOS aka AMERICANO and others in connection with possible violations of 21 U.S.C. § § 846 and 841(a)(1).

THEREFORE, IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123, that Special Agents of HSI and DEA, as well as other participating state and local agencies, may install and use pen-trap devices, without geographic limit, to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the **SUBJECT ACCOUNT**, including but not limited to the following:

    a)    Source and destination Account numbers or telephone numbers associated with the origination and termination of all wire and electronic communications to and from the **SUBJECT ACCOUNT**, including identifying all participants of multi-party communications (e.g., group chat, broadcast, etc.);

    b)    Date, duration, and timestamp for each communication and service event, to include specification of the time zone offset from Universal Coordinated Time (UTC);

    c)    The type of communication (e.g., text, image, video, location, audio, etc.);

    d)    IP Addresses associated with the originating and terminating customer devices used to send and receive communications (both IPv4 and IPv6);

    e)    Port Numbers (e.g. TCP/UDP Ports) associated with the originating and

terminating customer devices used to send and receive communications (both IPv4 and IPv6);

  f) Transport Protocol the originating and terminating customer devices used to send and receive communications (both IPv4 and IPv6);

  g) Byte size information for each WhatsApp communication or other information from which the size of the communication and media transfers can be ascertained;

  h) WhatsApp account numbers and any unique identifiers associated with each accounts/devices used to make and receive communications to and from the **SUBJECT ACCOUNT**, including identifying all participants of multi-party communications (e.g., group chat, broadcast, etc.), sent or received by the Subject Account, including:

   i. WhatsApp Account Numbers
   ii. Electronic Serial Number ("ESN"),
   iii. Mobile Electronic Identity Number ("MEID"),
   iv. Mobile Identification Number ("MIN"),
   v. Subscriber Identity Module ("SIM"),
   vi. International Mobile Subscriber Identifier ("IMSI"),
   vii. Mobile Station Identification Number ("MSID"),
   viii. Mobile Service Node ("MSN"),
   ix. Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or International Mobile Station Equipment Identity ("IMEI").

  i) Addresses or other information that uniquely identify the **SUBJECT ACCOUNT** used to authenticate to WhatsApp or its network, including the Internet Protocol address and device identifiers of any smartphone or computer used to access the subject account; as well as the time, date and duration of such access.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order, immediately furnish information,

facilities, and technical assistance necessary to install the pen-trap devices and accomplish, such installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service; and to deliver all such intercepted dialing, routing, addressing, and signaling information, securely and reliably and in a format that allows the information to be understood by the applicant and investigative agency.

IT IS FURTHER ORDERED that if the service providers, or any other relevant provider of electronic communication service to the public, cannot comply with this Court's Order to install the pen-trap devices, the United States is authorized to install and use its own pen register and trap and trace devices on the data network of the service providers, or any other relevant provider of electronic communication service to the public, pursuant to 18 U.S.C. § 3123(a)(3)(A).

IT IS FURTHER ORDERED that the investigating agency and the applicant have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the investigative agency; for the duration of the Order;

IT IS FURTHER ORDERED that the investigative agency reasonably compensates WhatsApp and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses directly incurred in complying with this Order;

IT IS FURTHER ORDERED that WhatsApp and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the investigative agency of any changes relating to the Subject Accounts and prior to terminating or changing service to the **SUBJECT ACCOUNT**, which might affect the implementation and utility of this Court's Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, unless and until authorized by this Court;

IT IS FURTHER ORDERED that this application and Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

IT IS FURTHER ORDERED that the identity of any targets of the investigation may be redacted

ORDER ON APPLICATION FOR PEN REGISTER        4

from any copy of the order served on any service provider or other person, and that this order and application be SEALED until otherwise ordered by the court.

DATED: **Jan 21, 2022**

_____
Honorable Stanley A. Boone
United States Magistrate Judge